UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RED MOUNTAIN ENERGY CORP. | * | |
| | | CIVIL ACTION |
| *Plaintiff* | * | |
| | | NO. |
| **VERSUS** | * | |
| | | |
| M/V SOUTHERN MOANA, her engines, | * | |
| boilers, etc., *in rem*, STELLAR LINES, | | |
| MOANA SHIPPING SPA, and | * | |
| CAFISERVICE SPA, *in personam* | | |
| | * | |
| *Defendants* | | |
| * * * * * * * * * | | |

VERIFIED COMPLAINT

**TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

The Complaint of Red Mountain Energy Corp. against the M/V SOUTHERN MOANA, her engines, boilers, etc., *in rem*, and Stellar Lines, Moana Shipping SPA, and Cafiservice SPA, *in personam*, in a cause of cargo loss and damage, civil and maritime, aver upon information and belief, as follows:

1.

Jurisdiction is conferred upon this Court pursuant to the Admiralty and Maritime Jurisdiction

of the United States Courts, 28 USC §1333 and Art. III of the United States Constitution.

2.

At all times pertinent hereto, plaintiff Red Mountain Energy Corp. ("Red Mountain") was and now is a corporation organized, created and existing pursuant to the laws of the United States of America with its principal place of business in Henderson, Nevada, and was the owner of the cargo described below.

3.

At all times pertinent hereto, defendant M/V SOUTHERN MOANA was a general ship engaged in the common carriage of cargo by water for hire, and is now or will be during the pendency of process hereunder within this district and within the jurisdiction of this Honorable Court.

4.

At all times pertinent hereto, defendant Stellar Lines ("Stellar") was and now is a corporation or other legal entity duly organized, created and existing pursuant to the laws of a foreign country, engaged in the common carriage of cargo, including the cargo described below, by water and land for hire, and was the owner, operator, manager and/or charterer of the M/V SOUTHERN MOANA.

5.

At all times pertinent hereto, defendant Moana Shipping SPA ("Moana") was and now is a corporation or other legal entity duly organized, created and existing pursuant to the laws of a foreign country, engaged in the common carriage of cargo, including the cargo described below, by water and land for hire, and was the owner, operator, manager and/or charterer of the M/V SOUTHERN MOANA.

6.

At all times pertinent hereto, defendant Cafiservice SPA ("Cafiservice") was and now is a corporation or other legal entity duly organized, created and existing pursuant to the laws of a foreign country and acted as the manager of the M/V SOUTHERN MOANA.

7.

On or about June 1, 2009 at the Port of Houston, Texas, a shipment of machinery, in good order and condition, was delivered to the defendants for loading and carriage aboard the M/V SOUTHERN MOANA to Ilyichevsk, Ukraine, all in consideration of an agreed freight and in accordance with the terms of clean bill of lading no. 4431 or other contract of carriage.  Plaintiff refers to said bill of lading for greater certainty as to the contract of carriage which it represents and will produce the originals or copies thereof at trial.

8.

On or about July 3, 2009, the M/V SOUTHERN MOANA, with the above-mentioned cargo of machinery, arrived at Ilyichevsk, Ukraine, where the subject cargo was discharged, not in the same good order and condition as when shipped, but was in a damaged condition, all as a result of the negligence of defendants or those for whom they are responsible and/or from the breach of defendants' obligations under the governing contract(s) of carriage and/or under the Carriage of Goods by Sea Act (COGSA) (46 U.S.C. 1300 *et seq.* ) and/or the Harter Act (46 U.S.C. 190 *et seq.*) and/or some other governing scheme of liability and/or from the unseaworthiness of the M/V SOUTHERN MOANA.

9.

Prior to the commencement of this action, Red Mountain became the owner of the cargo

described above.

10.

Red Mountain and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the aforesaid bill of lading.

11.

This action is brought on behalf of Red Mountain and on behalf of all parties who may become interested in the aforesaid damage and loss to said shipment as their respective interests may ultimately appear.

12.

As a result of the aforesaid damage, Red Mountain did sustain a loss in the amount of $579,764.18 (FIVE HUNDRED SEVENTY NINE THOUSAND SEVEN HUNDRED SIXTY FOUR AND 18/100 DOLLARS) plus survey fees and expenses, as nearly as the same can now be estimated, no part of which has been paid, although duly demanded.

13.

By reason of the premises, Red Mountain has a maritime lien against the M/V SOUTHERN MOANA, her engines, boilers, etc., for the aforesaid damage and loss in the aggregate sum of $579,764.18, plus survey fees, with interest thereon and their costs and disbursements, and Red Mountain is entitled to be paid by preference and priority from the sale of said vessel.

14.

This is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for the United States District Courts.

15.

All and singular the matters aforesaid are true and correct.

16.

Plaintiff reserves the right to make additional allegations of negligence and fault during the course of pending litigation as more facts become available.

WHEREFORE, plaintiff prays that:

1) The Clerk of Court issue a warrant for the arrest and seizure of the M/V SOUTHERN MOANA, her engines, boilers, etc., and that all persons claiming any right, title or interest in said vessel be summoned to appear and to answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay plaintiff's demands with interest, costs and disbursements.

2) Defendants Stellar Lines, Moana Shipping SPA, and Cafiservice SPA be served with copies of this Verified Complaint, together with summonses to appear and answer under oath all and singular the matters aforesaid;

3) The Court, order, adjudge and decree that defendants and the M/V SOUTHERN MOANA pay to plaintiff the losses sustained by it, together with interest thereon and their costs and disbursements; and

4) Red Mountain has such other and further relief in the premises as in law and justice it may be entitled to receive.

Respectfully submitted,

**MONTGOMERY, BARNETT, BROWN,
READ, HAMMOND & MINTZ, LLP**

/s/ *PHILIP S. BROOKS, JR.*
PHILIP S. BROOKS, JR. (Bar No. 21501)
KENNETH J. GELPI, JR. (Bar No. 24103)
RONALD J. KITTO (Bar No. 28638)
1100 Poydras Street, 3300 Energy Centre
New Orleans, LA 70163
Telephone:     (504) 585-3200
Facsimile:     (504) 585-7688
E-mail:        pbrooks@monbar.com
               kgelpi@monbar.com
               rkitto@monbar.com
*Attorneys for Plaintiff, Red Mountain Energy Corp.*

**SERVICE BY WAIVER**:

**M/V SOUTHERN MOANA**
Via Santa Brigida 39
80133 Naples, NA, Italy

**MOANA SHIPPING SPA**
Via Santa Brigida 39
80133 Naples, NA, Italy

**CAFISERVICE SPA**
Via Santa Brigida 39
80133 Naples, NA, Italy

**STELLAR LINES**
5-7 Kanari Street
185 37 Piraeus, Greece

## VERIFICATION

UNITED STATES OF AMERICA

STATE OF LOUISIANA

PARISH OF ORLEANS

      BEFORE ME, the undersigned authority, personally came and appeared:

PHILIP S. BROOKS, JR.

who deposed and said that he is with the firm of Montgomery, Barnett, Brown, Read, Hammond &

Mintz, LLP, attorneys for plaintiff herein; that he has read the foregoing Complaint and knows the

contents thereof, and that the same are true to the best of his knowledge and belief; that the sources

of his knowledge and the grounds for his belief are various documents and information furnished to

him by plaintiff, and with authorization of plaintiff who does not have an office in this judicial

district.

 

_____
Philip S. Brooks, Jr.

SWORN TO AND SUBSCRIBED BEFORE ME,
this __2__ day of July 2010.

_____
NOTARY PUBLIC
Print name: Ronald J. Kitto
Bar/Notary No.: LA. BAR. No 28638
My commission expires: UPON DEATH

RONALD J. KITTO
NOTARY PUBLIC
Bar # 28638
Parish of Orleans, State of Louisiana
My Commission is issued for Life

-7-